UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE A. WILKINSON<br><br>　　　　Petitioner,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>　　　　Respondent. | Case No.: 1:12-cv-00225-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PETITIONER'S MOTION TO ALTER OR AMEND A JUDGMENT UNDER Rule 59(e)**<br><br>**(Docket No. 25)** |

　　　　Now pending before the Court is Michelle A. Wilkinson's Motion to Alter or Amend a Judgment Under Rule 59(e). Having carefully reviewed the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:[1]

## RELEVANT BACKGROUND

　　　　1.　　Petitioner Michelle A. Wilkinson's ("Petitioner") claim for Social Security Disability Insurance benefits and Supplement Security Income was initially denied on July 12, 2007 and, again, on reconsideration on December 18, 2007.

　　　　2　　Petitioner timely requested a hearing before an administrative law judge ("ALJ") and, on January 6, 2010, ALJ Paul Hebda held a hearing in Spokane, Washington.

　　　　3.　　On January 29, 2010, ALJ Hebda issued a decision denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act.

---

[1] The instant Motion has been pending for a considerable amount of time. The Court regrets that a decision was not rendered earlier on, and extends an apology to the parties for the delay.

**MEMORANDUM DECISION AND ORDER - 1**

4.  Petitioner requested review from the Appeals Council on April 9, 2010 and, on October 22, 2010, the Appeals Council granted Petitioner's request for review, vacated ALJ Hebda's January 29, 2010 decision, and remanded the case to an ALJ for further administrative proceedings.[2]

5.  On remand, a hearing was held on March 24, 2011 before ALJ Marie Palachuk in Clarkston, Washington.

6.  On May 13, 2011, ALJ Palachuk issued a decision denying Petitioner's claims, again finding that Petitioner was not disabled within the meaning of the Social Security Act.

7.  Petitioner requested review from the Appeals Council on July 16, 2011 and, on March 12, 2012, the Appeals Council denied Petitioner's request for review, making ALJ Palachuk's May 13, 2011 decision the final decision of the Commissioner of Social Security.

8.  Having exhausted her administrative remedies, on May 10, 2012, Petitioner brought this action, arguing that ALJ Palachuk's decision was "without foundation, not supported by substantial evidence, and is, in fact, contrary to the evidence presented." Pet. for Review, p. 3 (Docket No. 1). Specifically, Petitioner contended that (1) the ALJ failed to provide a fair hearing, (2) the residual functional capacity ("RFC") finding and hypothetical question to the vocational expert did not include all of Petitioner's impairments, (3) the ALJ

---

[2] Within the "Order of Appeals Council Remanding Case to Administrative Law Judge" ("Remand Order"), Administrative Appeals Judges David E. Clark and Robert Goldberg directed the ALJ to (1) give consideration to non-treating source opinions; (2) give further consideration to Petitioner's maximum RFC, including any exertional limitations, based on the expanded record; (3) further evaluate Petitioner's subjective complaints and provide rationale in accordance with disability regulations; (4) address the lay witness testimony and written statements of record; and (5) make appropriate findings as to whether the claimant had any past relevant work and, if so, compare the work demands of that work with Petitioner's RFC. (AR 128-132).

**MEMORANDUM DECISION AND ORDER - 2**

failed to give proper weight to treating and examining provider opinions, and (4) the ALJ failed to properly evaluate Petitioner's credibility.  *See* Pet.'s Mem., p. 2 (Docket No. 20).  Petitioner therefore requested that this Court reverse ALJ Palachuk's decision or, alternatively, remand the case for further proceedings.  *See* Pet. for Review, p. 3 (Docket No. 1).

9. After considering the parties' briefing on the issues presented within Petitioner's Petition for Review, on September 23, 2013, the undersigned found:

> The evidence upon which the ALJ relied can reasonably and rationally support her well-formed conclusions, despite the fact that such evidence may be susceptible to a different interpretation.  Accordingly, the ALJ's decision concerning (1) the sufficiency of the hearing, (2) the RFC finding and hypothetical question to the vocational expert, (3) the opinions of Drs. Hammond, Alexander, and Gallaher, and (4) Petitioner's credibility are based on proper legal standards and supported by substantial evidence.  Therefore, the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

9/23/13 MDO, pp. 22-23 (Docket No. 23).  In accordance with such findings, the undersigned issued a Judgment that same day, dismissing the action.  *See* J. (Docket No. 24).

10. On October 16, 2013, Petitioner filed the at-issue Motion, arguing that this Court committed "clear error" when analyzing the ALJ's consideration of Dr. Rebecca Alexander's July 11, 2007 evaluation of Petitioner and related questioning of the impartial vocational expert at the March 24, 2011 hearing.  *See* Pet.'s Mot. to Alter/Am., p. 3 (Docket No. 25) ("Petitioner requests the hearing transcript be reviewed again and the error of fact in footnote 8 of the Memorandum Decision and Order be corrected.  Petitioner also requests the judgment be altered to order remand of this claim to the Commissioner for a proper evaluation of Dr. Alexander's opinion and explanation of the weight it is given.").

**MEMORANDUM DECISION AND ORDER - 3**

11.     Through its November 12, 2013 response to Petitioner's Motion, Respondent opposes any request to disturb the September 23, 2013 Memorandum Decision and Order's ultimate determination affirming the Commissioner's decision in this case. *See generally* Def.'s Resp. (Docket No. 26).

## DISCUSSION

**A.     Legal Standard for Rule 59(e) Motion**

A court has "considerable discretion" in ruling upon a Rule 59(e) motion since specific grounds for a motion to amend or alter a judgment are not listed in the Rule. *See McDowell v. Calderon*, 197 F.3d 1253, 1255, n.1 (9th Cir. 1999). However, amending a judgment is "an extraordinary remedy which should be used sparingly." *Id*.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

**B.     The ALJ's Consideration of Dr. Alexander's Opinions and the Vocational Expert's Related Testimony Was Incomplete and Warrants Remand**

Dr. Alexander's July 11, 2007 treatment note following her evaluation of Petitioner, indicated in relevant part:

> Questions were occasionally repeated due to comprehension deficit . . . .
>
> A significant weakness at the .05 level between the performance mean and the Digit Symbol-Coding subtest suggests difficulties with on the spot learning of an

**MEMORANDUM DECISION AND ORDER - 4**

> unfamiliar task, visual-motor dexterity, persistence in the face of boring tasks, and clerical speed. . . . .
>
> Ms. Wilkinson's personal self care skills are moderate; she states she is able to cook, do laundry and household chores. Based on cognitive/psychological functioning, ability to understand and remember simple instructions is slightly to moderately impaired. Ability to understand and remember complex instructions is moderately to markedly impaired. Ability to sustain concentration and persist is moderately impaired. Ability to interact appropriately in the workplace, understand social norms, and adapt to change without interference from psychological difficulties is moderately impaired.

(AR 357, 360-361). In turn, the ALJ outlined Dr. Alexander's opinions about Petitioner, stating in the May 13, 2011 decision that:

> Dr. Alexander opined that the intelligence tests indicated the claimant's cognitive functioning was in the borderline range. The mental status examination showed the claimant's remote, recent and immediate memory was intact. Her fund of information and ability to calculate math problems were below limits. Thinking was concrete and her judgment simplistic. Her personal self-care skills were deemed moderate. The claimant's ability to understand and remember simple instructions was slightly to moderately impaired. Her ability to understand and remember complex instructions was moderately to markedly impaired and the claimant's ability to understand and remember complex instructions was moderately to markedly impaired [sic]. Her ability to sustain concentration and persist was moderately impaired. Her ability to interact appropriately in the workplace, understand social norms and adapt to change without interference from psychological difficulties was moderately impaired. Dr. Alexander might need help with job skills/learning.

(AR 25-26). The ALJ ultimately indicated that she assigned "some weight" to Dr. Alexander's opinions, before stating:

> The record, Dr. Alexander's assessment and the state support her opinion that the claimant could understand and remember simple instructions and persist. Further, the work questionnaire, completed by a former employer, stated the claimant could remember and carry out instructions, she did not require special supervision and generally could relate to coworkers; this is also consistent with the record. Overall, the undersigned agrees there are some limitations from the claimant's severe impairments, particularly her learning problems but they do not rise beyond moderate, as found by the state. Any limits have been addressed in the residual functional capacity.

(AR 26). No other analysis of Dr. Alexander's opinions is reflected in the May 13, 2011 decision.

**MEMORANDUM DECISION AND ORDER - 5**

Unclear from the ALJ's review of Dr. Alexander's opinions is why only "some weight" was assigned thereto and not more? Stated slightly differently, what, within Dr. Alexander's opinions, was lent less weight (hence, only the overall "some weight") for the purposes of the ALJ's disability determination? According to Petitioner, "[t]he weight given to Dr. Alexander's opinion is key because, when Dr. Alexander's opinion as to limitations was presented to the [vocational expert] in a hypothetical question, the [vocational expert] testified such limitations would preclude sustained full time work." Pet.'s Mem., p. 10 (Docket No. 20). That is, Petitioner's counsel incorporated Dr. Alexander's opinions when posing the following hypothetical to the testifying vocational expert:

> ATTY: Okay. Now, here's a hypothetical, same age, education, work experience and this is an individual described as very young acting for her age, when she was asked questions occasionally they had to be repeated due to comprehension deficits, she would have difficulties with on the spot learning of unfamiliar tasks, difficulty with visual motor dexterity, difficulty in persistence in the face of boring tasks and clerical speed – that's from Exhibit 1 of page 5, Dr. Alexander's observations. She offers this statement, "The ability to understand and remember simple instructions is slightly to moderately impaired. The ability to understand and remember complex instructions is moderately to markedly impaired. The ability to sustain concentration and persist is moderately impaired. The ability to interact appropriately in the work place, understand social norms an adapt to change without interference from psychological difficulties is moderately impaired." So, someone with those impairments, would they be able to do any past work?
>
> VOC: I think that they would be able to do it, you know, obtain and do it. But most likely in dealing with those, they would not be able to sustain [substantial gainful activity].
>
> ATTY: Okay. Are there other jobs that deal with the sustained?
>
> VOC: No.

(AR 56-57).

**MEMORANDUM DECISION AND ORDER - 6**

The undersigned originally perceived the hypothetical as having been "presented to the vocational expert by Petitioner's attorney (not the ALJ), and assumed a certain number of absences based upon Petitioner's testimony about her alleged disabling condition." 9/23/13 MDO, p. 16, n.8 (Docket No. 23). As a result, the Court found that the import any argument concerning the significance of the vocational expert's testimony to "turn[ ] on Petitioner's credibility," addressing that latter subject elsewhere in the Memorandum Decision and Order. *Id.* But, as is made clear above, the vocational expert's testimony was *not* the product of Petitioner's subjective accounts of her limitations – it was elicited directly from Dr. Alexander's opinions concerning Petitioner's abilities. On this point, the Court was mistaken and committed error. *See* Def.'s Resp. to Mot. to Alter/Am., p. 1 (Docket No. 26) (Respondent conceding that hypothetical posed to vocational expert "concerned Dr. Alexander's opinion of her limitations").

Circling back, the significance of such an error rests upon the ALJ's consideration of Dr. Alexander's opinions. In other words, why wasn't the vocational expert's potentially dispositive testimony about Petitioner's apparent inability to work (based as it was upon Dr. Alexander's opinions (*see supra*)) assessed more fully? It is not enough to say (or imply) that such testimony was premised upon Dr. Alexander's opinions and those opinions were only given "some weight" when the decision does not make clear which of Dr. Alexander's opinions were accepted or rejected and the reasons for so rejecting any such opinions (and, hence, the underlying basis for assigning only "some weight" to the same). Owing to this ambiguity, it cannot be said that, in rejecting Dr. Alexander's opinions (to the extent those opinions were rejected insofar as yielding the vocational expert's testimony inapplicable), the ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record. For this reason, Petitioner's Motion is

**MEMORANDUM DECISION AND ORDER - 7**

granted. The September 23, 2013 Judgement is set aside and the action is remanded to the Commissioner "for a proper evaluation of Dr. Alexander's opinions and explanation of the weight it is given." Pet.'s Mot. to Alter/Am., p. 3 (Docket No. 25).

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Michelle A. Wilkinson's Motion to Alter or Amend a Judgment Under Rule 59(e) (Docket No. 25) is GRANTED. The September 23, 2013 Judgment is set aside and the action is remanded to the Commissioner "for a proper evaluation of Dr. Alexander's opinions and explanation of the weight it is given." Pet.'s Mot. to Alter/Am., p. 3 (Docket No. 25). *The Court urges the Commissioner to make every effort to move this case forward to a final decision as quickly as possible, given the length of time that has passed since the original filing by Petitioner. In making that request, the Court is mindful that the length of time taken by the Court to decide the instant Motion has been a significant part of that length of time, which is regrettable.*



DATED: **September 23, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**